Citation Nr: 1550153 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 10-36 193A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a headache disability. 


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Christopher M. Collins, Associate Counsel





INTRODUCTION

The appellant is a Veteran who served on active duty from June 1973 to June 1976. This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

In February 2011, the Veteran testified at a local hearing before a Decision Review Officer (DRO) at the RO; a transcript of that hearing is of record. 

The Board notes that in the November 2009 rating decision, the RO denied service connection for migraine headaches. The Veteran directly appealed his claim of entitlement to service connection for migraine headaches to the Board in an appeal submitted in October 2012. As a function of the Board's de novo review authority, the Board has characterized the Veteran's claim of service connection for migraines as a claim for headache disability. See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) (When determining the scope of a claim, VA has an obligation to consider whether a possible disability is service connected if that disability is indicated by the evidence in the record even if the Veteran's claim does not specifically identify that disability and instead identifies a distinct but related disability with symptoms that can be attributed to both disabilities.).

In December 2013, the Board remanded this matter for further evidentiary development. In November 2014, the Board found that there had not been substantial compliance with its prior remand directives regarding the claim for service connection for migraine headaches and remanded that issue for further development, to include obtaining another medical opinion. See Stegall v. West, 11 Vet. App. 268 (1998). Although an addendum opinion was obtained in January 2015, the Board in June 2015 determined that there was not substantial compliance with the remand directives of November 2014, and remanded the matter again for further development, to include obtaining a clarifying medical opinion. Stegall, supra. Review of the record indicates substantial compliance with the remand directives. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required. 


REMAND

The Board is cognizant that the Veteran's claim of entitlement to service connection for a headache disability has been pending for a protracted period of time. The length of the period that the appeal has been pending, however, does not affect the Board's responsibility to ensure fulfillment of the duty to assist. 38 C.F.R. § 3.159 (2015). Here, despite previous attempts to obtain a medical opinion that evaluates whether the Veteran has a current headache disability and the etiology of such, the record still does not contain sufficient evidence on which the Board can make a determination regarding the Veteran's claim. 

Pursuant to the Board's June 2015 remand, the RO was directed to either obtain an addendum opinion from the examiner who provided the 2014 and 2015 VA examinations and opinions or forward the request to another qualified examiner. The opinion requested was a determination of whether the Veteran has a current migraine headache disability. The Board specifically noted that governing law defines "current disability" as a diagnosis of the disability at any time during the pendency of the claim, which in this case would be the period from November 2008 to present. The Board also specifically requested that the examiner discuss an August 2010 private chiropractor note regarding a chronic headache disability. In addition, if a current disability was found, the Board directed that the examiner should opine whether such disability is at least as likely as not related to the Veteran's service and/or events therein, with a full rationale for all opinions offered. 

The examiner who provided the prior examinations/opinions thereafter provided an addendum opinion in June 2015 in which he opined that the Veteran does not have a current migraine disability now or at any time from November 2008 to present. In support thereof, the examiner noted that the Veteran "did not describe a headache pattern consistent with migraine during the 2014 examination" and further noted that there are no records from 2008 to the present that diagnose a migraine headache disability. The examiner also specifically addressed both the August 2010 chiropractor note, finding that it described a headache pattern more consistent with persistent neck pain, as well as a June 1978 private medical report, which the examiner found did not diagnose migraine headaches but rather diagnosed "vascular tension" headaches. In light of the fact that the examiner gave a direct answer to the Board's remand directive and explicitly discussed those medical reports outlined in the Board's remand that are adverse to his prior opinions, the Board finds that the RO substantially complied with the Board's remand directives. See Stegall, 11 Vet. App. at 271 (holding that a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with its remand instructions); but see also 
D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that only "substantial" as opposed to strict or exact compliance with the Board's remand directives is required under Stegall); accord Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

Regrettably, although the RO substantially complied with the Board's remand directives, further development of the record is necessary prior to considering the claim of service connection for a headache disability. In short, a supplementary opinion in needed from the VA examiner who administered the February 2014 VA examination and issued the July 2014, January 2015, and June 2015 addendum opinions that clarifies whether the Veteran has a current headache disability in light of the new characterization of the Veteran's claim, and if so, the etiology of such. 

As discussed above, the Board previously directed in a June 2015 remand that the RO obtain an addendum opinion that specifically addressed the issue of whether the Veteran has a current migraine headache disability, as opposed to a headache disability in general. The June 2015 addendum opinion obtained by the RO was responsive to this directive in that the examiner denied any indication of a current migraine headache disability during the entire pendency of the Veteran's claim. This opinion, however, does not address the more pertinent issue of whether the Veteran has a current headache disability. 

In the prior remand, the Board highlighted two specific medical records, including a June 1978 medical record from Medical Neurologists Inc. and an August 2010 treatment record from Regional Chiropractic and Rehabilitation. In particular, the Board noted that in the 1978 record, the Veteran reported that he had minor headaches over the years but that he had severe headaches that required that he go to the emergency room a month prior to the report. Furthermore, in the August 2010 Regional Chiropractic record, a chiropractor stated that the Veteran had suffered bad headaches since the 1975 motorcycle crash and had head and neck pain about 99 percent. The chiropractor opined that the Veteran's "injuries, impairments and disabilities...[are] as likely as not due to and a consequence of [the Veteran's] service."

In addition to the above private medical records, the claims file includes outpatient records from the Oklahoma City VAMC that were not referenced by the Board in its prior remands which indicate that the Veteran has been experiencing symptoms of a headache disability during the pendency of the appeal. In particular, a September 2013 note indicated that the Veteran reported tension headaches that "seem to start at back of neck moving up over head" and that he daily had pain in the back of the head causing a whole headache. The Veteran was diagnosed with headaches that were likely suboccipital. In a March 2012 note, the Veteran also reported "headaches associated with neck pain" that were "intermittent but severe when they occur." 

Beyond the VA outpatient records included in the claims file, there are several private medical records not referenced by the Board in its prior remands that also indicate that the Veteran has been experiencing symptoms of a headache disability during the pendency of the appeal. A June 2011 report from Regional Chiropractic indicated that the Veteran experienced headaches with pain rated as 8 out of 10. Reports dated from April 2011 to December 2010 from a Dr. Kirkendall of Internal Medicine & Pediatrics reflect a consistent diagnosis of "intermittent headaches consistent with migraine headache." A January 2011 progress report from Woodward Regional Hospital also prepared by Dr. Kirkendall reflect a diagnosis of "migranious headache". 

In light of the seemingly conflicting evidence not addressed by the examiner in his previous opinions, a supplemental medical opinion is necessary to reconcile conflicting reports regarding the Veteran's current headache disability and its etiology. 

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file any updated records
documenting the Veteran's treatment at the Oklahoma City VA Medical Center (VAMC). 

2. After completion of the foregoing, arrange for the
VA examiner who provided the 2014 and 2015 VA examination/opinions to review the record and reconcile the conflicting reports noted above regarding whether or not the Veteran has a current headache disability, and if so its likely etiology. The claims folder (to include this remand) must be reviewed by the examiner in conjunction with the examination. Based on a review of the record and examination/interview of the Veteran, the examiner must offer opinions that respond to the following:

(a) Does the Veteran have a current headache
disability? In formulating this opinion, the examiner is asked to consider, and discuss as appropriate, the June 1978 medical record from Medical Neurologists Inc. and the August 2010 treatment record from Regional Chiropractic and Rehabilitation. In addition, the examiner is asked to consider the Oklahoma City VAMC outpatient records, in particular the September 2013 note which diagnosed likely suboccipital headaches. Furthermore, the examiner should consider the June 2011 report from Regional Chiropractic, the reports dated from April 2011 to December 2010 from Dr. Kirkendall of Internal Medicine & Pediatrics, and the January 2011 progress report from Woodward Regional Hospital. 

(b) If a current headache disability is found, the
examiner should further opine whether such disability is at least as likely as not (50 percent or greater) related to the Veteran's service and/or events therein. The examiner must explain the rationale for the opinion in detail. If the examiner is unable to provide the requested opinion without resorting to speculation, the examiner should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts), or by a deficiency in the record (i.e., additional facts are required), or because the examiner does not have the necessary knowledge or training. 

If the VA examiner who administered the original February 2014 examination and offered the subsequent opinions is not available, please forward this request to another qualified examiner in order to comply with the aforementioned request for an opinion. 

3. After completing the above development, the
Veteran's claim should be readjudicated. If the claim remains denied, the Veteran should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).